UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2008 AUG -1 P 1:19
U.S. DISTRICT COURT
BRIDGEPORT, CONN

MEGHANA BABU )
)
PLAINTIFF, )
)
V. )
)
BUREAU OF COLLECTION )
RECOVERY INC. )
DEFENDANT, )

CASE NUMBER:

3 08CV1163 WWE

July 31, 2008

## COMPLAINT

### NATURE OF ACTION

1. The Plaintiff, Meghana Babu, ("Plaintiff"), brings this action against the Defendant, Bureau of Collection Recovery Inc. ("BCR"), for violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq., and the Connecticut Unfair Trade Practices Act (CUTPA), Connecticut General Statute § 42-110a et seq.

### JURISDICTION

2. The court has subject matter jurisdiction in this case pursuant to the FDCPA, 15 U.S.C § 1692k, and 28 U.S.C § 1331 and § 1367.

3. Venue properly lies in this Court pursuant to 29 U.S.C 1391(b)(2).

### PARTIES

4. The Plaintiff is a natural person and a resident of Stamford Connecticut and a "consumer" within the meaning of the FDCPA.

5. The Defendant, BCR, is an out-of-state corporation active in Connecticut as a "debt collector" within the meaning of the FDCPA and is engaged in the business of

collecting consumer debts with a principal place of business located at 7575 Corporate Way, Eden Prairie, MN 55344,

## FACTS

6. The Defendant sent a debt collection letter, dated June 20, 2008, to the Plaintiff demanding the payment of a debt of allegedly owed to Verizon Wireless.

7. On July 16, 2008, the Plaintiff called BCR and told them she disputes this debt, that she has retained a lawyer, and that they should contact her lawyer and no longer contact her.

8. On July 16, 2008, BCR called the Plaintiff's lawyer who confirmed that the debt to Verizon was long-disputed, that they were representing the Plaintiff, and instructing BCR to no longer contact the Plaintiff.

9. On July 21, 2005, BCR called the Plaintiff again seeking to collect the debt, and she told them to call her lawyer and not call her back.

10. On July 23, 2008, the Plaintiff's attorney wrote BCR a letter via certified mail, stating that the Plaintiff disputed the debt, seeking validation of the debt, and asking them to not contact the Plaintiff.

11. On July 25, 2008, at 9:23 AM, BCR called the Plaintiff again seeking payment of the alleged debt and she again told them to call her lawyer and to leave her alone.

12. On July 25, 2008, at 12:51 PM, BCR called the Plaintiff again seeking payment of the alleged debt and she again told them to call her lawyer and to leave her alone.

13. On July 28, 2008, the Plaintiff received a letter from BCR seeking to

collect on the disputed debt.

**FIRST CAUSE OF ACTION**

14. Each of the above allegations is incorporated herein.

15. As of July 16, 2008, BCR knew the Plaintiff was represented by an attorney in with respect to the debt that they were seeking to collect.

16. Despite having actual knowledge that the Plaintiff was represented by an attorney they contacted the Plaintiff by way of a direct phone call to her on July 21, 2008 in violation of § 1692c of the FDCPA.

17. Despite having actual knowledge that the Plaintiff was represented by an attorney they contacted the Plaintiff by way of a direct phone call to her on July 25, 2008, at approximately 9:53 AM in violation of § 1692c of the FDCPA.

18. Despite having actual knowledge that the Plaintiff was represented by an attorney they contacted the Plaintiff by way of a direct phone call to her on July 25, 2008, at approximately 12:51 PM in violation of § 1692c of the FDCPA.

19. Despite having actual knowledge that the Plaintiff was represented by an attorney they contacted the Plaintiff by way of a letter received on July 28, 2008, in violation of § 1692c of the FDCPA

20. As a result of the Defendant's abusive, deceptive and unfair debit collections practices the Plaintiff has been damaged, and is entitled to statutory damages, costs and attorney's fees.

**SECOND COUNT**

21. The allegations of the First Count are repeated and re-alleged herein.

22. Within three years prior to the date of this action the Defendant committed

unfair and/or deceptive practices or practices in connection within the meaning of the Connecticut Unfair Trade Practices Act, Connecticut General Statute §42-110a *et seq.* causing ascertainable loss to the Plaintiff.

**Wherefore**, the Plaintiff respectfully prays that the court grants relief as follows:

1) that judgment be entered against the Defendant for actual damages pursuant to the FDCPA and CUTPA;

2) that judgment be entered against the Defendants were statutory damages pursuant to the FDCPA and CUTPA;

3) that the court award costs and reasonable attorneys fees pursuant to FDCPA and CUTPA; and

4) that the court grant such general and further relief as it may deem just and proper.

THE PLAINTIFF DEMANDS TRIAL BY JURY

The Plaintiff, by her Attorney

/s/ Joseph P. Sargent
Joseph P. Sargent
1129 Post Rd
Fairfield Ct 06902
CT17779
203 325-2323
F 203 659-7360
josephpsargent@yahoo.com